IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY | § § § |
| v. | §  CIVIL ACTION NO. 5:14-cv-720 § |
| QUANTUM MACHINING, LLC, D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES, UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE, KEITH C. DILL AND KATHLEEN P. MARKGRAF | § § § § § § § § |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff State Automobile Mutual Insurance Company (hereinafter "State Auto") complains of Defendants Quantum Machining, L.L.C., D&K Energy Services, L.L.C. d/b/a DK Energy Services, Unique Leasing, Inc., d/b/a Reynolds Nationwide, Keith C. Dill and Kathleen P. Markgraf, (hereinafter referred to collectively as the "Defendants"), and alleges as follows:

I.

**PARTIES**

1.01   Plaintiff State Auto is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio, and authorized to do business in the State of Texas.

1.02    Defendant Quantum Machining, LLC, (hereinafter referred to individually as "Quantum"), is a Texas corporation which may be served with process by serving its Registered Agent for service: Daron S. Gribble, 124 St. Andrews, Aledo, Texas 76008.

1.03    Defendant Keith C. Dill, (hereinafter referred to individually as "Dill") is an individual residing in Bexar County. San Antonio. Texas, and may be served with process by serving him at: 215 Center Street, San Antonio, Texas 78202, or wherever he may be found.

1.04    Defendant D&K Energy Services, L.L.C., d/b/a DK Energy Services (hereinafter referred to individually as "D&K") is a Texas company which has a physical address at 8755 US HWY 87 East San Antonio, TX 78263, and may be served with process by serving their authorized Agent/Attorney: Cecil W. ("Tres") Bain, III, The Nunley Firm, PLLC, 1580 South Main Street, Suite 200, Boerne, Texas, 78006.

1.05    Defendant Unique Leasing, Inc., d/b/a Reynolds Nationwide (hereinafter referred to individually as "Unique"), is a Texas company which has a physical address at 8755 US HWY 87 East San Antonio, TX 78263, and may be served with process by serving their authorized Registered Agent; National Registered Agent, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1.06    Defendant, Kathleen P. Markgraf, (hereinafter referred to individually as "Markgraf") is a resident of Texas and maybe served at 590 Scull Crossing, La Vernia, Texas 78121, or wherever she may be found.

## II.

## JURISDICTION AND VENUE

2.01    This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

2.02    There is complete diversity between the parties as required by 28 U.S.C. §1332(a). Plaintiff is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Defendants are either Texas corporations or individuals who are residents of the State of Texas.

2.03    Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because one or more Defendant resides within this judicial district and venue is proper pursuant to 28 U.S.C. § 1391(c) because one or more of the corporate Defendants have sufficient contacts to subject them to personal jurisdiction.

2.04    The amount in controversy exceeds $75,000.00, excluding interest and costs. Specifically, Defendant Kathleen Markgraf contends her damages in the underlying lawsuit exceed $4,000,000.00 further defense costs in the underlying lawsuit currently exceed $75,000.00.

## III.

## FACTUAL BACKGROUND

3.01    State Auto provided an insurance policy BAP 2385589 00 to D & K Energy Services, L.L.C. with a policy period of July 8, 2013 to October 29 2013.

3.02    State Auto provided an insurance policy BAP 23647 9600 to Unique Leasing, Inc. d/b/a/ Reynolds Nationwide. with a policy period of October 29, 2012 to October 29, 2013.

3.03    On or about July 22, 2013, Defendant Kathleen Markgraf was involved in an

automobile accident with a vehicle operated by Defendant Keith Dill on US Highway 87 in Wilson County, Texas.

3.04    As a result of said accident Defendant Kathleen Markgraf instituted the underlying lawsuit against Dill, D&K, Quantum and Unique (hereinafter referred to as "underlying Defendants") in the 285th Judicial District Court of Bexar County, Texas under cause number 2013-CI-13583 (hereinafter referred to as the "underlying lawsuit").

3.05    Markgraf has alleged in the underlying lawsuit causes of actions against Dill, D&K, Quantum, and Unique for negligence, negligence per se and exemplary damages. According to the allegations in the underlying lawsuit Dill was:

   1) the employee of D&K, Quantum and / or Unique; and

   2) in the course and scope of that employment of D&K, Quantum and/or Unique.

3.06    Attached hereto as Exhibit "A" is a true and correct copy of underlying Plaintiff's Second Amended Petition which is incorporated by reference as if fully set forth herein.

## IV.
## POLICY

4.01    D&K Energy Services LLC was insured by State Automobile Mutual Insurance Company on July 22, 2013 under policy # BAP-2385589-00, for a policy period of July 8, 2013 to October 29, 2013.

4.02    Attached hereto as Exhibit "B" is a certified copy of the relevant policy which is incorporated by reference as if fully set forth herein.

4.03    Unique Leasing, Inc. d/b/a Reynolds Nationwide was assured by State Automobile Mutual Insurance Company on July 22, 2013 under policy # BAP-2364796-00, for a policy period of October 29, 2012 to October 29, 2013.

4.04    Attached hereto is Exhibit "C" is a certified copy of the relevant policy which is incorporated by reference as if fully set forth herein.

4.05    Both policies provide in pertinent part TRUCKERS COVERAGE FORM CA0012103/0G) (hereinafter the "Policy") provides, in part …

> Section II - Liability Coverage
> A. Coverage
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto", …
> 1. Who Is An Insured
> The following are "insured":
> a. You for any covered "auto",
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except: …
>
> Section VI - Definitions
> A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".
> B. "Auto" means:
> 1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
> 2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
> C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these. …
>
> the Liability Coverage. Truckers Conditions and Definitions.

4.06    Further the policies also provide in pertinent part …

> SECTION V - TRUCKERS CONDITIONS, (beginning on page 8 of 12).
> The following conditions apply in addition to the Common Policy Conditions:
> A. Loss Conditions
> 2. Duties In The Event Of Accident, Claim, Suit Or Loss
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
> b. Additionally, you and any other involved "insured" must:
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".
> C. If there is a "loss" to a covered "auto" or its equipment you must also do the

following:
(3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.
(4) Agree to examination under oath at our request and give us a signed statement of your answers.
B. General Conditions
2. Concealment, Misrepresentation Or Fraud
This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:
a. This Coverage Form;
b. The covered "auto";
c. Your interest in the covered "auto"; or
d. A claim under this Coverage Form.
5. Other Insurance - Primary And Excess Insurance Provisions
a. This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority. This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered "auto' while hired or borrowed from you by another "trucker.

4.07   Additionally, the policies also provide in pertinent part ...

SECTION VI- DEFINITIONS (On page 12 of 14)

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".
B. "Auto" means:
1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
However, "auto" does not include "mobile equipment".
C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.
F. "Employee" includes a "leased worker", "Employee" does not include a "temporary worker".
G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought.
M. "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pickup or van type if not used for business purposes.
N. "Property damage" means damage to or loss of use of tangible property.
O. ~Suit" means a civil proceeding in which:
1. Damages because of "bodily injury" or "property damage"; or

4.08    The above policy language applies to this action to determine the Duty to Defend and Duty to Indemnify Dill, D&K and Unique.

## V.

## CAUSE OF ACTION - SUIT FOR DECLARATORY JUDGMENT

5.01    State Auto hereby incorporates by reference the preceding paragraphs.

5.02    Real and justifiable controversies have arisen and now exist between State Auto and Dill, D&K, and Unique for which State Auto desires a declaration of rights concerning the contractual obligations of State Auto to provide a defense and to indemnify the Defendants in the underlying lawsuit.

5.03    A declaratory judgment is necessary because State Auto and the underlying Defendants disagree over the interpretation and application of the Policies' terms and conditions as to the duty to defend and the duty to indemnify.

5.04    Pursuant to 28 U.S.C. § 2201, State Auto requests that the Court declare the defense and indemnity obligations of the parties. Specifically, State Auto requests that the Court decide the following issues:

  a.   The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did not occur in a vehicle owned by D & K;

  b.   The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did not occur in a vehicle owned by Keith Dill;

c. The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did not occur in a vehicle owned by Unique;

d. The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did not occur while Keith Dill was in his course and scope of employment with D&K;

e. The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did not occur while Keith Dill was in his course and scope of employment with Unique;

f. The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did occur in a "hired" vehicle as that term is defined in the policy;

g. The pleadings in the underlying lawsuit establish no facts that would show that the incident that forms the basis of the underlying suit did occur in a "borrowed" vehicle as that term is defined in the policy;

h. The pleadings in the underlying lawsuit establish that Dill was an employee of Quantum, that Quantum owns the vehicle; therefore, Dill is not an insured under the policies for any purpose;

i.. That State Auto has no duty to defend Defendants Dill, D&K and Unique because the pleadings on file in the underlying lawsuit; and

j.  State Auto has no duty to defend Dill, D&K and Unique in the underlying lawsuit.

k.  That State Auto has no duty to indemnify Keith Dill, D&K Energy, LLC d/b/a D&K Energy and Unique for any judgment awarded in the underlying lawsuit.

5.05  State Auto requests that the Court make such other and further declarations as may be appropriate.

## VI.

## ATTORNEYS' FEES

6.01  Should State Auto prevail on this lawsuit, it is entitled to an award of attorneys' fees under Texas Civil Practice and Remedies Code §37.009, which authorizes an award of fees and costs as is equitable and just in a suit under the Declaratory Judgment Act.  Further, State Auto is entitled to an award of attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Chapter 38.  The claims underlying the declaratory relief sought by State Auto are contractual in nature, and Chapter 38 allows recovery of attorneys' fees in contract actions.

## VII.

## JURY DEMAND

7.01  Plaintiff demands a jury trial on all factual issues in this cause.

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Automobile Mutual Insurance Company respectfully requests that Defendants be cited to appear herein, that the

Court enter the declarations specified above, that State Automobile Mutual Insurance Company recover its attorneys' fees and for such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted, this 12th day of August, 2014.

/s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
State Bar No. 14207000
Federal ID No.: 16627
NAMAN, HOWELL, SMITH & LEE, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: 817.509-2040
Facsimile: 817.509-2060
Email: charles.mitchell@namanhowell.com

Attorney for Plaintiff
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY