5-14-cv-720

# EXHIBIT "A"

FILED
1/16/2014 7:06:08 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

CAUSE NO. 2013-CI-13583

| | | |
|---|---|---|
| KATHLEEN P. MARKGRAF,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | 285th JUDICIAL DISTRICT |
| QUANTUM MACHINING, LLC,<br>D&K ENERGY SERVICES, LLC, d/b/a DK<br>ENERGY SERVICES, UNIQUE LEASING, INC.,<br>d/b/a REYNOLDS NATIONWIDE, AND<br>KEITH C. DILL,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES KATHLEEN P. MARKGRAF, Plaintiff herein, and complains of QUANTUM MACHINING, L.L.C., D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES, UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE, and KEITH C. DILL, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to Level III discovery control plan.

### PARTIES/SERVICE

2. Plaintiff, KATHLEEN P. MARKGRAF, resides in La Vernia, Texas.

3. Defendant, QUANTUM MACHINING, LLC, is a Texas company that has already been served with process in this matter.

4. Defendant, D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES, is a Texas company who has a physical address at 8755 US HWY 87 East San Antonio, TX 78263, has already been served with process, and has filed an answer in this matter.

5. Defendant, UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE, is a Texas company who has a physical address at 8755 US HWY 87 East San Antonio, TX 78263, and may be served with process by serving their authorized Registered Agent: National Registered Agent, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant, KEITH C. DILL, is an individual residing in Bexar County, San Antonio, Texas, has already been served with process, and has filed an answer in this matter.

## JURISDICTION AND VENUE

6. Venue in Bexar County is proper in this cause under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because it is the county where the Defendants reside.

7. Pursuant to Tex. R. Civ. P. 47, this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## FACTS

8. On or about July 22, 2013, Plaintiff, KATHLEEN P. MARKGRAF, was the driver of a 1999 Toyota Camry, traveling north bound on US Highway 87, in Wilson County, Texas. DEFENDANT, KEITH C. DILL, was operating a 2013 Ford pickup truck owned by DEFENDANT, QUANTUM MACHINING, LLC, in the course and scope of his employment with Defendants, DK ENERGY SERVICES and UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE, and was also traveling northbound on US Highway 87. Defendant, KEITH C. DILL, suddenly and without warning stuck the Plaintiff's vehicle from the rear. The investigating officer found Defendant Dill to be at fault for causing the collision, that Defendant Dill took faulty evasive actions, and cited him for failing to control his speed. As a result of this collision, Plaintiff sustained severe injuries and damages to his body, as more fully set forth below.

9. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## NEGLIGENCE

### DEFENDANT, QUANTUM MACHINING, LLC, DK ENERGY SERVICES, UNIQUE LEASING, INC., D/B/A REYNOLDS NATIONWIDE AND KEITH C. DILL

10. The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent conduct of Defendants. Defendant Dill operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c. in failing to turn the vehicle in an effort to avoid the collision in question;

d. in failing to maintain control of his vehicle;

e. in using a handheld cell phone in a negligent manner;

f. in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances.

11. Negligence per se tort claims are established when a plaintiff shows that a defendant violates a statute or ordinance setting an applicable standard of care if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. In that regard, Defendant Dill's conduct constitutes negligence per se because he failed to exercise the mandatory standard of care set forth in Tex. Transp. Code § 545.351, which mandates that:

(a) An operator may not drive at a speed greater than is reasonable and prudent under the

circumstances then existing.

(b)   An operator:

(1)   may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and
(2)   shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

(c)   An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1)   the operator is approaching and crossing an intersection or railroad grade crossing;
(2)   the operator is approaching and going around a curve;
(3)   the operator is approaching a hill crest;
(4)   the operator is traveling on a narrow or winding roadway; and
(5)   a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

12.   In addition, QUANTUM MACHINING, LLC, was negligent in one or more of the following aspects, as it relates to Defendant Dill:

  a.   negligent hiring;

  b.   negligent entrustment;

  c.   negligent driver qualifications;

  d.   negligent training and supervision;

  e.   negligent retention;

  f.   negligent management; and

  g.   negligent maintenance.

13.   Based upon information presented to the Plaintiff, and her belief, Defendant KEITH C. DILL was acting within the course and scope of Defendant D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES and UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE at the time of the collision referenced above.

14.   Plaintiff states that D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY

SERVICES and UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE was negligent under the theory of *respondeat superior* in that Defendant Dill was acting within the course and scope of his employment with D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES, and UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE at the time the incident occurred.

15. Plaintiff states that in addition to the above, D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES, and UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE was negligent in one or more of the following aspects:

   a.   negligent hiring;
   b.   negligent entrustment;
   c.   negligent driver qualifications;
   d.   negligent training and supervision;
   e.   negligent retention;
   f.   negligent management; and
   g.   negligent maintenance.

16. The above-referenced acts and omissions by Defendants were more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated. Accordingly, Defendants' conduct constitutes gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## EXEMPLARY DAMAGES

17. The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

18. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

19. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20. Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

21. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, KATHLEEN P. MARKGRAF, suffered severe bodily injuries to her head, neck, back, and other parts of her body generally. Her entire body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not

for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

22. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KATHLEEN P. MARKGRAF, was caused to incur the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff, KATHLEEN P. MARKGRAF, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

    e. Physical impairment in the past;

    f. Physical impairment, which will, in all reasonable probability be suffered in the future;

    g. Loss of wages in the past;

    h. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i. Mental anguish in the past;

    j. Mental anguish which will, in all reasonable probability be suffered in the

future;

k. Fear of future disease or condition;

l. Disfigurement; and

m. Cost of medical monitoring and prevention in the future.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

23. Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## REQUEST FOR DISCLOSURE

24. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant KEITH C. DILL, and Defendant, QUANTUM MACHINING, LLC, were served with a Request for Disclosure in Plaintiff's Original Petition, and Defendant D&K ENERGY SERVICES, LLC, d/b/a DK ENERGY SERVICES, was served with a Request for Disclosure in Plaintiff's First Amended Original Petition. Pursuant to Rule 194 of the Texas Rules of Civil Procedure UNIQUE LEASING, INC., d/b/a REYNOLDS NATIONWIDE is requested to disclose within fifty (50) days after service of this Second Amended Petition the information or material described in Rule 194.2 (a) through (l).

## JURY DEMAND

25. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff has already made an application for a jury trial and this matter has been set on the Court's Jury Docket. Plaintiff acknowledges payment of the required jury fee.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court,

together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages;
15. Loss of future wages;
16. Loss of wage earning capacity;
17. Property damage; and
18. Loss of use.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: s/Travis Venable
Thomas J. Henry
State Bar No. 09484210
Travis E. Venable
State Bar No. 24068577
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above Second Amended Original Petition was duly served upon the following counsel in accordance with the Texas Rules of Civil Procedure on this the 16th day of January, 2014.

Cecil W. ("Tres") Bain, III
The Nunley Firm, PLLC
1580 South Main Street, Suite 200
Boerne, Texas 78006
**Attorneys for Defendant Keith C. Dill**

Tres Adami, III
Paul Huckabay
Adami, Shuffield, Scheihing & Burns
9311 San Pedro Avenue, Suite 900
San Antonio, Texas 78216
**Attorneys for Defendant DK Energy Services**

_s/Travis Venable_
Travis E. Venable